NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **PRICASPIAN DEVELOPMENT CORP,** **et al.,** | : : : | **Civil Action No. 13-0549 (DMC)** |
| **Plaintiffs,** | : : : | **MEMORANDUM OPINION** |
| **v.** | : : | |
| **GERARDO GONZALEZ, et al.,** | : : | |
| **Defendants.** | : : | |

**CLARK, Magistrate Judge**

This matter comes before the Court upon the *ex parte* motions of Plaintiffs Pricaspian

Development Corporation, Jack Grynberg, and Grynberg Petroleum Company ("Plaintiffs") for

writs of attachment with respect to certain assets of defendants Retailers Marketing Group, Inc.

("RMGI") and Marketing Digest, Inc. ("MDI") [Docket Entries 105 and 107].   The Court has

fully reviewed and considered the arguments made in support of the motions.   The Court

considers Plaintiffs' motions without oral argument pursuant to L.CIV.R. 78.1(b).   For the reasons

set forth more fully below, Plaintiffs' motions are DENIED.

## I.    BACKGROUND

As outlined in a previous Opinion issued by the Court in this matter [Docket Entry 121],

Plaintiffs previously obtained a $3,601,947.04 judgment against First Unity, Inc., E-Cash, Inc.,

and Tom Black in the State of Colorado.   Plaintiffs then domesticated this judgment in the State of

New Jersey.   Plaintiffs subsequently filed a Complaint in this Court, *see* Civil Action No. 11-1459

(ES) (D.N.J.), against various defendants alleging fraudulent transfers, unjust enrichment, and

conspiracy to commit money laundering to hinder Plaintiffs from executing on their judgment against First Unity, Inc. and E-Cash, Inc.   RMGI and MDI were not named as parties in that action, which is still pending before this Court.

In early 2013, Plaintiffs filed the current action naming RMGI and MDI, among others, as defendants.   Plaintiffs' Verified Complaint "seeks judgment against [RMGI and MDI] for converting assets of defendants First Unity, Inc. (the Nevada and Delaware entities) and E-Cash, Inc. (the Nevada, Delaware, and New Jersey entities), and for concealing transfers of money and/or monetary instruments in anticipation of Plaintiffs' judgment levy."   [Docket Entry 1, ¶ 3].

Plaintiffs presently bring two applications for writs of attachment that would in effect freeze certain bank accounts of RMGI and MDI.   [Docket Entries 105 and 107].     Plaintiffs' applications consist of two three-page certifications of counsel outlining *inter alia* certain transfers made from the subject bank accounts.   Attached to or included with the certifications are a number of purportedly relevant documents, including *inter alia* documents relating to the subject bank accounts.   Because these applications were filed *ex parte*, the Court did not receive any opposition to Plaintiffs' applications.

## II.     LEGAL STANDARD

Fed.R.Civ.P. 64(a) governs the seizing of a person or property in an action in federal court. Under subsection (a), the law of the state where the federal court is located shall govern such remedies. Fed.R.Civ.P. 64(a). *See Marsellis-Warner Corp. v. Rabens,* 51 F. Supp. 2d 508, 536 (D.N.J. 1999) ("State law governs an application for a writ of attachment.")   In New Jersey, applicable state law provides that the Court may grant a motion for a writ of attachment upon a finding that "(1) there is a probability that final judgment will be rendered in favor of the plaintiff;

(2) there are statutory grounds for issuance of the writ; and (3) there is real or personal property of the defendant at a specific location within this State which is subject to attachment." N.J.S.A. 4:60-5(a).

## III.   ARGUMENT

As noted, the Plaintiffs support their application for the requested writs of attachment solely with two three-page certifications of counsel outlining *inter alia* certain transfers made from the subject bank accounts.   Although the Court understands Plaintiffs' position to be that it will ultimately prevail upon its claims against RMGI and MDI, nowhere in these certifications or in the other documents included with Plaintiffs applications do Plaintiffs specifically address how or why there is a probability that final judgment will be rendered in favor of Plaintiffs.   More troublingly, Plaintiffs do not specifically address whether there are statutory grounds for the issuance of the writ.   Rather, Plaintiffs' present applications boil down to a simple identification of personal property owned by the RMGI and MDI and a request that it be attached pending final resolution of this case.

## IV.   DISCUSSION

### a.  Probability of Success

Given the evidence before it, the Court is not in a position to find that it is probable that Plaintiffs will succeed on their claims against RMGI and MDI.   While the Court is cognizant of the factual backdrop of this case, the record as developed to date in this litigation does not adequately support such a conclusion.   As noted, Plaintiffs do not offer any specific arguments in their moving papers regarding their probability of ultimate success in this litigation (except to make a passing reference to a summary judgment motion filed in another litigation in this Court in

which neither RMGI nor MDI are named as parties), and RMGI and MDI are still vigorously contesting the claims in this litigation.   Absent a credible showing that Plaintiffs will probably succeed on their claims in this litigation, the Court simply cannot grant the requested writs of attachment.

### b. Statutory Grounds

Moreover, the Plaintiffs have not identified proper statutory grounds for the issuance of the requested writs of attachment, nor has the Court through its own research identified any appropriate statutory grounds.    N.J.S.A. 2A: 26-2(a)-(e) set forth the five statutory grounds for the issuance of a writ of attachment in this jurisdiction.   Subsections (b) through (e) plainly do not apply in this case.   Subsections (b) and (d) apply in cases where a defendant absconds the jurisdiction, and subsection (c) applies in cases involving a decedent defendant.   Neither is alleged to be the situation here.   Additionally, subsection (e) applies specifically in matters involving corporations of other states, but Plaintiffs have specifically plead in their Verified Complaint that RMGI and MDI are New Jersey corporations.   [Docket Entry 1, ¶¶ 10, 12].

This leaves subsection (a) of N.J.S.A. 2a: 26-2 as the only potential statutory ground for the requested writs.   Subsection (a) permits the issuance of a writ of attachment "[w]here the facts would entitle plaintiff to an order of arrest before judgment in a civil action."   Because Plaintiffs' Complaint generally alleges an illegal conversion, and thereby sounds in tort, the grounds for such an order of arrest are set forth in N.J.S.A. 2A:15-41.   That statute authorizes a civil arrest, or *capias ad respondendum*, only in tort actions founded upon an outrageous battery or mayhem, a damages claim against a public officer, or a malicious act by a nonresident defendant who is about to move out of the state.   Plainly, these circumstances are not present, nor are they alleged to be

present, in this case.[1]    Accordingly, there are no appropriate statutory grounds for issuing the writs of attachment requested by the Plaintiffs.[2]

### c. Property within this State

Given the Court's findings regarding the absence of both probability of success and any statutory grounds for issuance of the writ, it need not evaluate whether the subject property is located within the State of New Jersey.

## V.    CONCLUSION

For the reasons set forth above, Plaintiffs have not satisfied their burden for the requested writs of attachment and, therefore, Plaintiffs' motions are DENIED.   An appropriate Order accompanies this Opinion.


Dated: April 7, 2014


s/   James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]  The Court would further note that subsection (a) of N.J.S.A. 2A: 26-2 also provides that "in actions founded upon a tort, an attachment shall not issue against a corporation upon which a summons can be served in this State." This is yet an additional reason why subsection (a) cannot serve as a statutory ground for the issuance of the requested writs.

[2]  To the extent that Plaintiffs might contend that this is an action in contract and that the grounds for an order of civil arrest are instead set forth in N.J.S.A. 2A: 15-42, the Court finds that the plaintiff has not made a sufficient showing on the record that either RMGI or MDI are engaged in the type of fraud that would justify the issuance of a civil arrest under that statute.