NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PRICASPIAN DEVELOPMENT, et al., | : | **Hon. Faith S. Hochberg** |
| Plaintiffs, | : | **ORDER** |
|  | : | Civil Action No. 13-0549 (FSH) (JBC) |
| v. | : |  |
| GERARDO GONZALEZ, et al., | : |  |
| Defendants. | : | Date: April 30, 2014 |

**HOCHBERG, District Judge:**

This matter comes before the Court upon the Motion by Plaintiffs Jack Grynberg, Grynberg Petroleum Company, and Pricaspian Development Corporation (collectively "Plaintiffs") for Default Judgment; the Court having reviewed the submissions of the parties pursuant to Fed. R. Civ. P. 78; and for good cause shown;

it appearing that Plaintiffs filed a Complaint on January 28, 2013 (ECF No. 1) asserting causes of action including, among other things, civil conspiracy, fraud, and conversion;

it appearing that the Complaint was filed against Defendants Geraldo Gonzalez, Teresa Corcoran-Schaefer, Devyn Schaefer, Paula Sterbens, Retailers Management Group, Inc., Barbara Queen I/T/F/ John Carr, Marketing Digest, Inc., The Circle M Group, Inc., CAS Services, Inc., Sovereign Bank, Wells Fargo Bank, and Retailers Marketing Group, Inc.;

it appearing that Plaintiffs seek entry of default judgment against some, but not all, Defendants, including Circle M Group, Inc., Retailers Marketing Group, Inc., Smart Money, Inc., Marketing Digest, Inc., and Barbara Queen I/T/F/ John Carr (ECF No. 109) (collectively

"defaulting Defendants");

it appearing that the defaulting Defendants are artificial entities and may appear in federal courts only through licensed counsel;[1] (*see* ECF 120 (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Simbraw v. United States*, 367 F.2d 373, 374 (3d Cir. 1966), *Van De Berg v. Comm'r of Internal Revenue*, 175 F. App'x 539, 541 (3d Cir. 2006));

it appearing that to this date, the defaulting Defendants have not answered or opposed Plaintiffs' Motion for Default Judgment;

it appearing that at least one Defendant, Geraldo Gonzalez, answered the Complaint, and the action is proceeding against this defendant;

it appearing that the Complaint asserts that the Defendants are "jointly and severally liable" for a fraudulent conspiracy (Compl. ¶ 82), which included the defaulting Defendants and Geraldo Gonzalez, who has not defaulted;

it appearing that under certain circumstances the Court should not enter judgment against a defaulting defendant for a particular amount when liability is joint and several and not all defendants have defaulted, *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Fed. Prac. & Proc. Civ. § 2690 (3d ed.);

it appearing that "if default is entered against some defendants in a multi-defendant case,

---

[1] The Court has given the corporate principals of these artificial entities notice of the requirement that counsel must be retained on behalf of each artificial entity, (see ECF No. 96), numerous opportunities to retain counsel for the entities, extensions of time to retain counsel, and both the Court and opposing counsel have informed the principals that the consequence of failure to retain counsel on behalf of these entities shall be default judgment (see ECF No. 32 (Plaintiffs' Motion to Strike Defendants' Answers for failure to appear by an attorney); ECF No. 94 (providing Defendants additional time to retain an attorney licensed to practice before this Court); ECF No. 95 (same); ECF No. 96 (same); ECF No. 100 (Plaintiffs' Second Motion to Strike); ECF No. 103 (granting Plaintiffs' motion to strike Defendants' Answers because no notices of appearance had been entered on behalf of these Defendants and Defendants' Answers were not signed and filed by an attorney admitted to the federal bar); ECF No. 120 (denying reconsideration because, among other things, "the Principals have now had over three months to retain new counsel" and have still failed to do so)).

the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants," *Animal Sci. Products, Inc. v. China Nat. Metals & Minerals Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008), *see also F.T.C. v. Preferred Platinum Servs. Network, LLC*, 10-cv-538, 2010 WL 3883403, at *2 (D.N.J. Sept. 28, 2010);

it appearing that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay," Fed. R. Civ. P. 54(b);

**IT IS** on this 30th day of April, 2014;

**ORDERED** that Plaintiffs' Motion for Default Judgment (ECF No. 109) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiffs may refile their motion within 30 days of a resolution of the matter against the remaining non-defaulting Defendants; the Clerk's entry of default against Circle M Group, Inc., Retailers Marketing Group, Inc., Smart Money, Inc., Marketing Digest, Inc., and Barbara Queen I/T/F/ John Carr will remain.

                                                IT IS SO ORDERED

                                        **/s/ Faith S. Hochberg_____**
                                        **Hon. Faith S. Hochberg, U.S.D.J.**